# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY RENEE SCHMIDT, ET AL,<br><br>Defendant. | Case No. 19CR3771-H<br><br>ORDER CONTINUING MOTION HEARING/TRIAL SETTING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

A motion hearing/trial setting is currently set for April 13, 2020. The parties have contacted the courtroom deputy and indicated that they are in agreement to continue the motion hearing/trial setting date. Good cause having been shown, the Court vacates motion hearing/trial setting set for April 13, 2020 and continues the hearing to May 26, 2020 at 2:00 p.m. The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act, 18 USC § 3161(h).

The President of the United States of America, the Governor of the State of California, and the Mayor of the City of San Diego have declared states of emergency in response to the spread of the coronavirus ("COVID-19"). The Centers for Disease Control and Prevention and other public health authorities have advised that public gatherings be limited to no more than ten people. To protect public safety and prevent the spread of

COVID-19, on March 17, 2020 the Chief Judge of the Southern District of California issued an order declaring a judicial emergency for a period of 30 days. Chief Judge Larry A. Burns found that the period of suspension of criminal trials and other criminal proceedings implemented by its Order is excluded under the Speedy Trial Act, on the basis that the current COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The period of exclusion will be from March 17, 2020 to April 16, 2020 absent further order of the Chief Judge or that of any individual district judge. See Order of the Chief Judge No. 18 (S.D. Cal. March 17, 2020) (Burns, C.J.).

Other federal district courts within the State of California have suspended jury trials in light the COVID-19 outbreak. See Amended General Order No. 20-02 (C.D. Cal. March 17, 2020) (Phillips, C.J.); General Order No. 611 (E.D. Cal. March 17, 2020) (Mueller, C.J.); General Order No. 72 (N.D. Cal. March 16, 2020) (Hamilton, C.J.). Additionally, state trial courts within the State of California have also suspended all jury trials for a period of 60 days due to the pending pandemic surrounding COVID-19. See Statewide Order of the Chief Justice of California (Judicial Council of California, March 23, 2020) (Cantil-Sakauye, C.J.).

The parties continue to exercise due diligence in the preparation of this case. Even beyond the period of judicial emergency, the nature of the charges and the conspiracy, and the current health emergency would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. Taking into account the exercise of due diligence by the parties, the Court finds that that the current health emergency make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

| | |
|---|---|
| 1 | Furthermore, there are pending pretrial defense motions (Doc. Nos. 21, 22, 24, and 26) that require a hearing before the Court. The Court continues the pending motions to the May 26, 2020 motion hearing. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D). <u>See</u> <u>United States v. Tinklenberg</u>, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.) |

Furthermore, there are pending pretrial defense motions (Doc. Nos. 21, 22, 24, and 26) that require a hearing before the Court. The Court continues the pending motions to the May 26, 2020 motion hearing. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D). See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.)

In light of the foregoing reason, the Court orders that time be excluded from April 13, 2020 to May 26, 2020 under 18 USC §§ 3161(h) and 3174.

Defendant Kristopher Leo Bowers is ordered to appear before the Court, along with the co-Defendants, on May 26, 2020 and is to execute and file an acknowledgment of next court date by April 27, 2020.

IT IS SO ORDERED.

Dated: April 8, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE